IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

APPROXIMATELY $6,000.00 IN
U.S. CURRENCY,

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

1:09-CV-01755 AWI GSA

**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT**

(Document 19)

## INTRODUCTION

     In this civil forfeiture action, Plaintiff United States of America ("Government") seeks:

1.    Default judgment against the interests of Luis Cortez and Mariluz Espinoza in approximately $6,000.00 in United States currency ("Defendant Property"); and

2.    Entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property.

     This Court considered the Government's default and final forfeiture judgment motion on the record and without oral argument on the now vacated February 19, 2010, hearing, pursuant to this Court's Local Rule 230(g) and 540(d).  For the reasons discussed below, this Court RECOMMENDS to:

1.     GRANT the Government default judgment and to ENTER final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property; and

2.     ORDER the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

## FACTUAL BACKGROUND

### *Seizure of Defendant Property*[1]

The facts giving rise to this action are set out in detail in the Complaint. Briefly stated, a joint investigation by the Immigration and Customs Enforcement, Drug Enforcement Administration, and Southern Tri County-High Intensity Drug Trafficking Area Task Force was commenced into the drug trafficking activities of the Montenegro Drug Trafficking Organization (hereafter "Montenegro DTO") based in Porterville, California. Complaint at ¶ 5. Agents discovered a number of subjects involved in the Montenegro DTO, including Luis Alberto Cortez-Mendoza (hereafter "Cortez") and Olegario Trujillo (hereafter "Trujillo"). *Id*.

On or about May 13, 2008, surveillance intercepted a telephone call indicating an exchange methamphetamine for $4,600.00 that was to take place between Trujillo and Negrete at Negrete's residence. Complaint at ¶ 6. Surveillance observed a black Nissan pickup arrive at Negrete's residence and observed two subjects exit the black Nissan pickup and enter Negrete's residence, only to depart almost 30 minutes later. Complaint at ¶ 7. Surveillance followed the vehicle to Tulare, California where it was stopped by a Tulare Police Department officer. *Id*. The officer identified the driver as Cortez and the passenger as Trujillo. Complaint at ¶ 8. Cortez was detained and cited for not having a valid California driver's license; the vehicle was impounded. *Id*. An inventory search of the black Nissan resulted in the location of approximately $4,615.00 in U.S. Currency, consistent with the previously negotiated sales price for the quarter-pound of methamphetamine sold to Negrete. *Id*. A narcotic-detecting canine alerted to the area under the front passenger seat where the money had been located. *Id*.

On May 19, 2008, Trujillo and Cortez arrived at the Tulare Police Department to have the $4,615.00 returned to them. Complaint at ¶ 12. During the interview, Trujillo gave an unreliable story that the money originated from the sales of stereo equipment from a business owned by Trujillo and Cortez. *Id*. Trujillo provided several purported copies of handwritten receipts that totaled $4,600.00 and had Trujillo's name printed in the "ship to" and "bill to address" with an address of 538 E. Street, Tulare, California (Cortez' residence). *Id*. So that the investigation would not be compromised, the Tulare Police Department released the $4,615.00 to Trujillo and Cortez. *Id*.

On December 10, 2008, a federal search warrant was executed at Cortez' residence where officers located money gram receipts, a day planner, a utility bill for the residence, and a Mexican birth certificate in the front bedroom. Complaint at ¶¶ 13-14. A fraudulent resident alien card and a fraudulent social security card both in the name of Cortez were located in a dresser in the front bedroom. Complaint at ¶ 14. Law enforcement located a single stack .45 ACP magazine containing seven (7) .45 ACP rounds in a black Nissan Titan parked in the driveway of the residence. Complaint at ¶

---

[1]The facts are quoted directly from the Government's application at pages 2 through 3 and include specific references to the allegations as more fully set forth in the verified complaint.

2

15. Additionally, approximately $2,900.00 in U.S. Currency and approximately $2,500.00 in U.S. Currency was located in the closet of the rear bedroom. Complaint at ¶ 16. An additional approximately $600.00 in U.S. Currency was located in the front bedroom. *Id*. Officers further located a Ruger Model 10-22 rifle, SN: 121-34616, with an empty magazine on top of the refrigerator. *Id*.

On December 11, 2008, Luis Cortez-Mendoza, Olegario Trujillo, and others were indicted by a Grand Jury in the Eastern District of California in *United States v. Adrian Negrete-Hernandez, et al.* 1:08-CR-00435-AWI, for violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 - Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine. Complaint at ¶ 17. On August 17, 2009, Cortez entered into a plea agreement. *Id*.

### *The Government's Claims*

On October 5, 2009, the Government filed its Complaint for forfeiture *in rem* to claim:

(1) that the Defendant Property is subject to forfeiture to the Government under Title 21 of the United States Code section 881(a)(6) in that the currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of Title 21 of the United States Code section 841, *et seq.*  (Doc. 1.)

On October 6, 2009, based upon the allegations set forth in the Complaint, the Clerk of the Court issued a Warrant for Arrest of Articles *In Rem* for the Defendant Property.  (Doc. 5.)  The warrant was executed on January 15, 2010.  (*See* Docs. 14-15.)

### *Notice of Forfeiture Action*

On October 8, 2009, this Court authorized publication of the forfeiture action via the internet forfeiture website at www.forfeiture.gov for at least thirty (30) days.  (Doc. 8.)  On November 10, 2009, the Government filed its Declaration of Publication.  (Doc. 10.)

On October 14, 2009, via certified mail, copies of the complaint, arrest warrant, publication order and other related papers were served on Daniel L. Harralson, defense counsel for Luis Cortez in the related criminal proceeding.  The certified return receipt was executed by Sharon Koriassi on October 27, 2009.  (Doc. 19 at 4, ¶ 1.)

On October 19, 2009, Luis Cortez was personally served with copies of the complaint, arrest warrant, publication order and other related papers at the Kern County Jail facility. (Doc. 19 at 4, ¶ 2; *see also* Docs. 16-17.)

//

3

On November 9, 2009, copies of the complaint, arrest warrant, publication order and other related papers were served via certified mail on Mariluz Espinoza at 620 N. Blackstone Street # N in Tulare, California. A certified return receipt was executed by Mariluz Espinoza on November 12, 2009. (Doc. 19 at 4, ¶ 3.)

On December 2, 2009, the Government personally served Mariluz Espinoza with copies of the complaint, arrest warrant, publication order and other papers related to this action. (Doc. 19 at 4, ¶ 4; *see also* Docs. 16 & 18.)

***Default Entries***

At the Government's request, the Clerk of the Court entered defaults in this action as to Luis Cortez and Mariluz Espinoza on January 20, 2010. (Docs. 16-18.)

## DISCUSSION

***Sufficiency of the Complaint***

The Government contends that the allegations set forth in the Verified Complaint for Forfeiture *In Rem* and the facts cited "provide ample grounds" for forfeiture of the Defendant Property. A complaint's sufficiency is a factor to consider when deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Title 21 of the United States Code section 881(a)(6) provides for the forfeiture of moneys or others things of value that are furnished or intended to be furnished by any person in exchange for a controlled substance, that constitutes proceeds traceable to such an exchange, or that is used or intended to be used to facilitate any violation of the laws governing controlled substances.

In its Verified Complaint, the Government alleges that the Defendant Property constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more of the laws governing controlled substances, and is therefore subject to forfeiture. (Doc. 1 at 5.)

As referenced above and set forth in the Verified Complaint, a joint law enforcement investigation by the Immigration and Customs Enforcement, Drug Enforcement Administration and Souther Tri County - High Intensity Drug Trafficking Area Task Force into the Montenegro Drug

4

Trafficking Organization eventually culminated in the execution of a federal search warrant at the Cortez residence on "E" Street in Tulare, California, and resulted in the seizure of the approximately $6,000.00 in United States currency at issue here. (*See also* Doc. 19 at 5.)

The complaint meets the requirements of Supplemental Rule G. It is verified, states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue, describes the property seized and the circumstances surrounding the seizure, and identifies the relevant statutes. (*See* Doc. 1.) In the absence of assertion of interests in the Defendant Property, this Court is not in a position to question the facts supporting the forfeiture of the currency. The facts as alleged provide a sufficient connection between the Defendant Property and illegal drug activity to support the forfeiture. Case law confirms the Government's position that circumstantial evidence may support the forfeiture of proceeds of a drug crime and the Government need not show a relationship between the proceeds and a specific drug transaction. *See United States v. $30,670.00*, 403 F.3d 448, 467-470 (7th Cir. 2005) (totality of circumstances demonstrated that cash hoard of airline passenger was substantially connected to illegal drug trafficking and properly subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (court applied totality of circumstances to determine "more than enough cause" to believe that forty pounds of cash carried by airline passenger and alerted to by narcotics-detecting dog was the proceeds of, or traceable to, illegal drug transaction).

As the Government contends, the earlier pre-arranged drug transaction (to exchange methamphetamine for the sum of $4,600.00), the subsequent search of the Cortez residence and the positive canine alert to the currency seized is sufficient evidence to support the forfeiture of proceeds of a drug crime. (Doc. 19 at 5.)

### Notice Requirements

The Government contends that it provided required notice for the forfeiture of the Defendant Property. The Fifth Amendment's Due Process Clause prohibits the Government from deprivation of property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S. Ct. 492 (1993).

5

### 1. Notice by Publication

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Rule G(4)(a)(iv)(C) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official internet government forfeiture site for at least 30 consecutive days." Local Admiralty and *In Rem* rules further provide that the Court shall designate by order the appropriate newspaper or other vehicle for publication. *See* Local Rules 171 & 530.

Here, pursuant to this Court's October 8, 2009, Order, the Government accomplished such notice with publication by way of the official internet government forfeiture site www.forfeiture.gov for a period of at least thirty (30) days. (*See* Doc. 19 at 6 & Doc. 10 at 4 [10/10/09 -11/8/09].)

### 2. Personal Notice

When the Government knows of an owner of defendant property, however, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by [publication]." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the cash forfeiture[.]" *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S. Ct. 694 (2002). The Government must provide such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule 540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action *in rem* to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) by personal service on the person having custody of the property; (3) if the property is in the hands of a law enforcement officer,

by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (4) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success. Local Rule 540(a).

Notwithstanding the Supplemental Rules and Local Rule 540(a), the Government provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4 requirements. *See* Fed. R. Civ. P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the Government personally served Luis Cortez and Mariluz Espinoza, on October 19 and December 2, 2009, respectively, with the complaint, arrest warrant, publication order and other papers regarding this action. (*See* Docs. 16-18 & Doc. 19 at 7.) The Government additionally notes that the Defendant Property was seized from Luis Cortez and thus Cortez is the only claimant requiring personal service. (Doc. 19 at 7.) In sum, no notice issues arise as to the Defendant Property's forfeiture.

### *Failure to File Claim or Answer*

The Government contends that this Court's clerk properly entered defaults against Luis Cortez and Mariluz Espinoza. (Doc. 19 at 8.) Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture actions such as this and requires a person who asserts an interest in or right against the subject property to file a claim in this court within thirty-five (35) days after the date of service of the Government's complaint or thirty (30) days after final publication of newspaper notice. Supplemental Rules G(4)(b) & G(5). Failure to comply with procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to a forfeiture action. *United States v. Real Property*, 135 F.3d at 1317.

As outlined above, the Government personally served Luis Cortez and Mariluz Espinoza, with copies of the complaint, arrest warrant, publication order and other papers related to this action on October 19 and December 2, 2009, respectively. (Doc. 19 at 8.) More than thirty days have passed since completion of publication notice and more than thirty-five days have passed since service of the complaint on Luis Cortez and Mariluz Espinoza. This Court's clerk properly entered defaults upon

failure of the potential claimants to respond to the Government's complaint and notices. (Docs. 17 & 18.)

### *Default Judgment*

The Government seeks judgment against the interests of Luis Cortez and Mariluz Espinoza, and final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property. The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem.* Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. Rule 55(a) of the Federal Rules of Civil Procedure governs entry of default: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987) (internal citations & quotation marks omitted).

As noted above, the Government properly obtained default entries against the interests of Luis Cortez and Mariluz Espinoza. There is no impediment to default judgment sought by the Government as to them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property or currency. "A judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n.12, 78 S. Ct. 1228 (1958).

In light of the defaults, a final forfeiture judgment is in order for the Government.

## RECOMMENDATIONS AND ORDER

For the reasons discussed above, this Court RECOMMENDS to:

1.      GRANT plaintiff United States of America default judgment against the interests of Luis Cortez and Mariluz Espinoza in the Defendant Property;

2.      ENTER final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the Defendant Property; and

3.      ORDER Plaintiff United States of America, within ten (10) days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 22, 2010**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

9